IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STAN SZCZYGIEL,

           Plaintiff,

vs.                                     Case No. 06-3037-JTM

ELIZABETH RICE *et al.*,

           Defendants.

MEMORANDUM AND ORDER

      This matter comes before the court on plaintiff's motion for default judgment (Dkt. No. 34). Plaintiff argues that the defendants have "failed to plead or otherwise defend themselves against the plaintiff's petition on or before August 14, 2006 as ordered by this Court on June 28, 2006." Plaintiff's Motion for Default Judgment, pg. 1. Defendants note that they filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and a memorandum in support of the motion on August 14, 2006.

      Defendants correctly note that a motion is "an appropriate defense for purposes of Rule 55 and . . . no answer is due until the district court resolves the motion." *McNeil v. U.S.*, 12 Fed. Appx. 805, 807 n. 1 (10th Cir. 2001) (noting that Rule 55 clearly provides that default judgment is only appropriate when a "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Additionally, the court noted that Fed. R. Civ. P. 12 states that a pre-answer motion to dismiss is an appropriate defense for

purposes of Rule 55 and that no answer is due until the district court resolves the motion). Having filed the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), defendants properly presented a defense. Therefore, the court declines to grant plaintiff's motion for default judgment.

Defendants also seek leave to withdraw the motion to dismiss (Dkt. No. 44). Defendants originally filed the motion to dismiss raising the issue of lack of exhaustion of administrative remedies. However, plaintiff, in response, submitted additional information that he alleges demonstrate administrative exhaustion. Defendants argue that this information requires defendants to raise new issues and submit evidence in a motion for summary judgment rather than in a reply supporting their motion to dismiss.

The court notes that such a withdrawal does not appear to create undue prejudice or inconvenience for any party. Therefore, the court grants defendants' motion to withdraw the motion to dismiss.

IT IS ACCORDINGLY ORDERED this 14th day of December, 2006, that the plaintiff's motion for default judgment (Dkt. No. 34) is denied and that defendants' motion to withdraw motion to dismiss (Dkt. No 44) is granted without prejudice.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE