## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

STAN SZCZYGIEL                          )
                                        )
                          Plaintiff,    )
                                        )
v.                                      )          Case No. 06-3037-JTM
                                        )
ELIZABETH RICE, *et al.*,               )
                                        )
                          Defendants.   )
_____        )

## MEMORANDUM AND ORDER

Before the Court are Plaintiff's "Request to Amend his Civil Rights Complaint" (Doc. 36), his "Motion for Discovery" (Doc. 37), and his Motion to Compel (Doc. 59, "Summary Judgment Discovery Motion").  Also pending before the Court is Defendants' Motion to Stay Discovery (Doc. 45), and Defendants Motion for Extension of Time to Respond to Plaintiff's Discovery Requests.  (Doc. 46.)  After carefully reviewing the submissions of the parties, the Court is prepared to rule on the parties' motions.

## BACKGROUND

Plaintiff filed his Complaint (Doc. 1), *pro se*, on February 2, 2006, alleging various violations of his civil rights while an inmate with the Kansas Department of Corrections.  He seeks a declaratory judgment finding that Defendants "have

denied violated or abridged [his] rights to liberty, property, guarantees or protections of the 1st, 5th, 8th, or 14th Amendment to the United States Constitution." (Doc. 1 at 22.)  He also requests a prospective injunction "enjoining the defendants *et al.* to cease and desist immediately and forever their illegal and/or denial" of Plaintiff's Constitutional rights.  (*Id.*)  Finally, Plaintiff seeks compensatory and punitive damages.  (*Id.* at 23.)

On June 27, 2006, Defendants filed a Motion for Extension of Time (Doc. 30), requesting an additional thirty (30) days after the filing of the *Martinez* report to answer or otherwise respond to Plaintiff's Complaint.  Defendants' motion was granted the next day, extending their deadline until August 14, 2006.  (Doc. 31, text entry.)  The *Martinez* report was filed July 11, 2006.  (Doc. 32.)

Rather than filing an Answer, Defendants filed a Motion to Dismiss on August 14, 2006, contending Plaintiff failed to exhaust his administrative remedies.  (Doc. 33.)  Plaintiff later filed his first Motion to Amend (Doc. 36), along with exhibits documenting his administrative efforts.

Defendants subsequently filed a Motion for Summary Judgment and supporting Memorandum (Docs. 50, 51) on September 21, 2006, raising the issue of exhaustion of administrative efforts.  Defendants also filed a Motion for Judgment on the Pleadings (Doc. 55) on October 25, 2006.  Plaintiff responded to

2

the summary judgment motion on November 14, 2006 (Docs. 57, 58) and

responded to the motion for judgment on the pleadings on December 14, 2006.

(Doc. 67, 68.)  Both of these motions are presently pending before the District

Court.

Also on November 14, 2006, Plaintiff filed a "Summary Judgment

Discovery Motion," which is, in effect, a motion to compel stating he "cannot . . .

present essential facts to justify his opposition to defendants['] Summary Judgment

motion" without the requested information.  (Doc. 59, at 5.)

## DISCUSSION

### I.    Plaintiff's First Motion to Amend (Doc. 36).[1]

Plaintiff filed his "Request to Amend his Civil Rights Complaint" (Doc. 36)

on August 22, 20006, in an effort to establish that he had exhausted his

administrative remedies prior to filing his lawsuit.  Fed. R. Civ. P. 15(a) provides

that leave to amend shall be freely given when justice so requires.  In the absence

of any apparent or declared reason, such as undue delay, undue prejudice to the

opposing party, bad faith or dilatory motive, failure to cure deficiencies by

---

[1] On December 14, 2006, Plaintiff filed a second Motion to Amend (Doc. 69), which is much more extensive in nature than the first motion to amend.  The time for response to the second Motion to Amend has not yet expired and that motion is not the subject of this Memorandum and Order.

amendments previously allowed, or futility of amendment, leave to amend should, as the rules require, be freely given.  ***Foman v. Davis***, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); ***Frank v. U.S. West, Inc.***, 3 F.3d 1357, 1365 (10th Cir. 1993).

Defendants have not filed a response to Plaintiff's motion and the time to do so expired on September 5, 12006.  D.Kan. Rule 6.1(d)(1).  "If a respondent fails to file a response within the time required by Rule 7.1(b), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."  D.Kan. Rule 7.4.  Plaintiff's motion is unopposed, timely, and facially valid.  The Court, therefore, **GRANTS** Plaintiff's First Motion to Amend (Doc. 36).   Plaintiff's first motion to amend did not attach a proposed amended complaint, but merely sought to attach two exhibits to the original complaint.  Therefore, Plaintiff's initial Complaint is hereby deemed amended by the addition of Exhibits 1 and 2 which were attached to and made a part of Plaintiff's first Motion to Amend.  Because there is no amended complaint to be filed, Defendants are hereby relieved of any obligation to file an answer to the complaint as amended by this Memorandum and Order.

## II.    Plaintiff's Motion for Discovery (Doc. 37).

Plaintiff filed his Motion for Discovery on August 28, 2006, requesting the

Court to "Order the defendants to identify and document all the persons cited" in the motion, providing such information to Plaintiff "within (30) days of service of this request." (Doc. 37 at 4.) Plaintiff incorporated by reference the Rule 36 Requests for Admissions and Rule 34 Requests for Production of Documents he "contemporaneously filed" with the motion. (*Id*. at 1.)

Defendants responded on September 5, 2006, arguing that Plaintiff's motion is "premature" because "[t]here is no evidence that Defendants have failed to comply with any discovery requests or requirements" necessitating such a motion. (Doc. 40 at 1.) The Court is inclined to agree.

Plaintiff is capable of serving discovery requests on Defendants, as evidenced by his reference to the Requests for Admissions and Requests for Production he submitted. (Doc. 37 at 1.) Plaintiff's "Motion for Discovery," requesting that Defendants "identify and document" various individuals, appears to be a misguided attempt to serve interrogatories. *Id*.; *see* Fed.R.Civ.P. 33. Plaintiff has presented no evidence to the Court suggesting that this information has been requested from Defendants through the proper discovery channels and/or that responses submitted by Defendants were late or incomplete. Further, as Defendants stated in their response, Plaintiff made no effort to confer with Defendants regarding any potential discovery dispute, as mandated by D.Kan. Rule

5

37.2.  (Doc. 40 at 1.)  As such, Plaintiff's motion is **DENIED**.

### III.    Defendants' Motion to Stay Discovery (Doc. 45).

Pending the outcome of their two dispositive motions, Defendants have moved the Court to stay discovery.  Defendants acknowledge that "the general policy is to not stay discovery," but argue that a stay in the present case "would assist in the efficient resolution of this case."  (Doc. 45 at 2.)  Defendants rely on the Tenth Circuit's "total exhaustion rule" for their contention that Plaintiff's Complaint must be dismissed.  The rule holds that "the presence of unexhausted claims in [an inmate's] complaint require[s] the district court to dismiss his action it its entirety without prejudice."  *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004).  In addition, Defendants argue that they are entitled to qualified immunity, that the statute of limitations bars some or all of Plaintiff's claims, and that Plaintiff has failed to state a claim upon which relief can be granted.  (Doc. 45 at 2.)  Defendants argue that a discovery stay is appropriate because a ruling by the District Court on these issues would either conclude the case or substantially narrow the remaining counts and issues.  (*Id*.)

Plaintiff responds that he "requires discovery to support his factual contentions in support of his claims for relief and objections to summary judgment."  (Doc. 48 at 4.)  Apparently, this is not the case.  Plaintiff has already

filed a lengthy response to Defendants' summary judgment motion on November 14, 2006 (Docs. 57, 58) and Defendant's motion for judgment on the pleadings. (Doc. 67, 68).

Plaintiff has failed to demonstrate, with any specificity, the reason why additional discovery is necessary regarding the issues addressed in Defendants' pending Motion for Summary Judgment.  To the contrary, Plaintiff's summary judgment response contained voluminous exhibits, totaling 86 pages.  A stay of discovery is, therefore, appropriate.  *See **Diaz v. Paul J. Kennedy Law Firm***, 289F.3d 671, 674 (10th Cir. 2002) (holding that it was not an abuse of the district court's discretion to stay discovery when the plaintiffs failed to inform the court, with any specificity, how additional information may have assisted them in opposing summary judgment).

Defendants' Motion to Stay Discovery (Doc. 44) is, therefore, **GRANTED** pending the District Court's rulings on Defendants' Motion for Summary Judgment (Doc. 50) and on Defendant's Motion for Judgment on the Pleadings (Doc. 55).

## IV.    Defendant's Motion for Extension of Time to Respond to Discovery (Doc. 46).

Because the Court has granted Defendant's motion to stay discovery, and has also denied Plaintiff's Motion for Discovery, *see* Parts II and III, *supra*,

7

Defendants have no present obligation to respond to Plaintiff's discovery requests. If the District Court denies the pending motion for summary judgment and motion for judgment on the pleadings, Defendants are hereby given thirty (30) days from the date of the denial within which to serve discovery responses to Plaintiff's discovery requests which include the Requests for Admissions and Request for Production of Documents which were served on or about August 21, 2006. *See* Doc. 46 at ¶¶ 3-4.

**V.     Plaintiff's Motion to Compel (Doc. 59)**.

Finally, the Court addresses Plaintiff's "Summary Judgment Discovery Motion" (Doc. 59), filed pursuant to Fed.R.Civ.P. 56(f).  Plaintiff's motion requests an order compelling Defendants to disclose certain orders of the Kansas Department of Corrections and/or the El Dorado Correctional Facility, which Plaintiff contends are necessary to allow him to oppose summary judgment.  (*Id*. at 1-3.)

The court file reflects that Defendants responded to this motion on November 28, 2006 by filing a response (Doc. 63) and a memorandum in support. (Doc. 64.)  Both documents contain certificates of service by counsel stating that service was made on Plaintiff by mail.  Plaintiff has recently filed a Notice of Failure of Service (Doc. 71) stating that he never received these pleadings.

Defendant then immediately filed a Response (Doc. 72) stating that service was made on Plaintiff as stated in the certificates of service, but also mailing another copy of those documents to Plaintiff on December 20, 2006.

Under the circumstances, the court will allow Plaintiff until **January 10, 2007**, within which time to file a reply concerning this motion. The Court reminds Plaintiff that a reply is to be limited to any new material or arguments raised by Defendants in their response, and is not a second chance to rewrite or revise Plaintiff's arguments in his initial motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Request to Amend his Civil Rights Complaint (Doc. 36) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Discovery (Doc. 37) is **DENIED**;

**IT IS ORDERED** that Defendants' Motion to Stay Discovery (Doc. 45) is **GRANTED**, pending the District Court's ruling on Defendants' Motion for Summary Judgment and Motion for Judgment on the Pleadings;

**IT IS ORDERED** that Defendants' Motion for Extension of Time to Respond to Plaintiff's Discovery Requests (Doc. 46) is **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiff is granted until January 10, 2007, to file any reply concerning his Motion to Compel (Doc. 59) and Defendants

9

responses (Doc. 63, 64).

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 21st day of December, 2006.

         s/ DONALD W. BOSTWICK

DONALD W. BOSTWICK
United States Magistrate Judge