IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STAN SZCZYGIEL,

          Plaintiff,

vs.                              Case No. 06-3037-JTM

ELIZABETH RICE *et al.*,

          Defendants.

MEMORANDUM AND ORDER

The present matter arises on defendants' motion for summary judgment and their motion for judgment on the pleadings (Dkt. No. 50 and Dkt. No. 55). For the following reasons, the court grants defendants' motions.

*I. Factual Background:*

Plaintiff, an inmate at the Kansas Department of Corrections ("KDOC") filed the present action, alleging a violation of 42 U.S.C. § 1983 because KDOC officials allegedly retaliated against him and wrongfully placed and retained him in administrative segregation since June 20, 2003.

Plaintiff notes in the third count of his complaint that:

> Defendants Rice, Shipman, McKune, John Doe and Jane Doe using report #1524 to label Szczygiel a 'Snitch' and confine him in (OSR) from 6-20-2003 through 2-17-2005 while allowing and/or tolerating Corrections Officers and inmates to threaten, harass, abuse, assault and batter him violated Szczygiel's 1st, 5th, 8th, and 14th Amendment rights to the United States Constitution.

Plaintiff's Complaint, at ¶ 59. Specifically, plaintiff states: "On 6-27-2003 segregation unit (SU) corrections officers (CO) began publicly informing the inmates in (SU) that Szczygiel was a 'snitch' for allegedly testifying against (LCF) (CO) David Turpin's sister Lisa Boldridge." *Id.* at ¶ 30. Furthermore, plaintiff argues that:

> On 6-28-2003 (SU) (CO) began attaching an (8) foot leash to Szczygiel's handcuffs when escorting him to the showers. The (CO) loudly declaring 'Snitch on a leash' or 'Rat on a rope' inviting other inmates to throw urine and feces on Szczygiel.

*Id.* at ¶ 31.

Plaintiff contends that he exhausted all administrative remedies available via the KDOC grievance procedure through grievance #13658.

On November 15, 2005, plaintiff submitted grievance #13658 to his Unit Team Manager, Robert Sapien. In the grievance, plaintiff alleged that he was improperly placed and held in administrative segregation due to fabrications in his placement report. However, plaintiff did not include the present allegations noted above in grievance #13658. Defendants' Motion for Summary Judgment, Exhibit 1.

Thereafter, on November 18, 2005, Sapien responded to plaintiff's grievance. Sapien's response stated in part:

> It appears you are requesting to be released from administrative segregation. You have received response on this request and how to address this concern. The response remains for you to report to the monthly administrative segregation review board, address a plan of action on how you will prepare yourself for consideration for release.

*Id.* On the same day, plaintiff indicated that he was not satisfied with this response and appealed the grievance to the Warden. The Warden responded by concurring with Sapien's response, stating that no further action was needed.

Plaintiff appealed the grievance to the Secretary of Corrections on December 1, 2005. Plaintiff also included an additional five pages of material with the appeal forms. However, this material did not relate to issues set forth by plaintiff in the present complaint.

The Secretary of Corrections designee, William L. Cummings, responded on December 6, 2005, noting that plaintiff had the opportunity to appear at an October segregation review hearing to present his concerns, but refused to appear.

Plaintiff also sent an additional grievance on December 2, 2005 to the Secretary of Corrections which contained "documentary evidence for grievance and summary," including a copy of an affidavit by Rex Lane. Defendants' Motion for Summary Judgment, Exhibit B-2. However, the materials did not address issues raised in the present complaint. After receiving the information, William Cummings contacted facility officials and was informed that the officials decided to place plaintiff in the next long-term segregation transition to release class. On December 29, 2005, Cummings issued an Amended Response reflecting this action.

On December 28, 2005, the central office received a letter from plaintiff dated December 22, 2005. The letter was addressed to Roger Werholtz, Secretary of Corrections, and noted that it regarded "EDCF grievance #13658 and related to 42 U.S.C. 1983." Plaintiff notes in the letter that Sapien asked plaintiff what it would take to make plaintiff's threatened section 1983 suit "go away." Plaintiff also advised KDOC officials to not attempt to gain information from him or attempt to settle the suit without providing notice and attaining approval from his "attorney." Plaintiff also stated that his "42 USC 1983 complaint will allege" a number of constitutional violations. Plaintiff concluded the letter with additional language regarding his impending lawsuit. Defendants' Motion for Summary Judgment, Exhibit B-3. In the letter, part of

plaintiff's allegations included: "After I refused a direct order to dismiss [the lawsuits]. The defendants labeled me a 'snitch' by falsifying a Seg. Rev. report claiming I had testified against a KDOC CO family member resulting in her conviction of 1st degree murder." *Id*. The letter also claims that "while at LCF on OSR status KDOC employees repeatedly informed other KDOC inmates that I was a snitch who testified against one of their family member inviting harassment, ridicule and assault with fecal matter and urine." *Id*.

Plaintiff's letter was placed with the Amended Response issued by Cummings on December 29, 2005. The letter was not considered by Cummings to be part of the appeal of grievance #13658, nor was the Amended Response of December 29, 2005, a response to allegations raised in the letter except to the extent that the issues were properly raised at the facility level in grievance #13658 and thereafter appealed through the grievance procedure.

Plaintiff sent a second letter to Cummings on February 9, 2006. In the letter, plaintiff alleged that he was not included in the latest segregation transition to release class, contrary to the December 29, 2005 Amended Response. Plaintiff noted that he filed the present action and further noted that:

> Your official response to grievance #13658 was limited to the sufficiency of the evidence to place me and maintain me in OSR. You refused to address the following: 1. LCF staff falsifying report #1524 and #1002 2. LCF staff physical abuse of me in Admin. Seg. 3. LCF staff refusing to correct illegal behavior after being contact by KS. State special prosecutor Rex Lane  4. LCF staff falsely labeling me a 'Snitch' and inducing other KDOC inmates to batter me. 5. EDCF continuing the illegal behavior.

Defendants' Motion for Summary Judgment, Exhibit C-2.

On February 22, 2006, Cummings issued a Second Amended Response regarding grievance #13658. The response noted that at the administrative segregation review held after

4

the Amended Response, plaintiff made statements that indicated he would be a threat to harm other inmates if released from administrative segregation.  The Second Amended Response concluded that the threat justified continued retention in administrative segregation.

The Amended Response and the Second Amended Response addressed those issues actually and properly raised by plaintiff through the grievance and appeal forms.

The present issues for consideration are whether plaintiff properly exhausted administrative remedies with respect to ¶ 59 of his complaint , whether plaintiff's allegations in ¶ ¶ 57 and 58 meet the applicable statute of limitations, and whether plaintiff has failed to establish the requirements of the alleged constitutional violations and 42 U.S.C. § 1983 violations in ¶ ¶ 59-65 of his complaint.

*II.  Standard of Review:*

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court must examine all of the evidence in a light most favorable to the opposing party. *Jurasek v. Utah State Hosp.,* 158 F.3d 506, 510 (10th Cir. 1998). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Baker v. Board of Regents,* 991 F.2d 628, 630 (10th Cir.1993). The moving party need not disprove the nonmoving party's claim or defense; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.,* 812 F.2d 1319, 1323 (10th Cir.1987).

The party opposing summary judgment must do more than simply show there is some metaphysical doubt as to the material facts. ``In the language of the Rule, the nonmoving party must come forward with `specific facts showing that there is a *genuine issue for trial*.' " *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in *Matsushita* ). The opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. Rather, the opposing party must present significant admissible probative evidence supporting that party's allegations. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The court may dismiss a cause of action under Fed. R. Civ. P. 12(c) for judgment on the pleadings for the same reason it may dismiss a cause of action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. *See Callery v. U.S. Life Ins. Co. in City of New York*, 392 F.3d 401, 404 (10th Cir. 2004) (the standard of review for a 12(c) motion is the same as the standard of review for a 12(b)(6) motion). For purposes of resolving a motion to dismiss, the court must accept as true all well-pleaded facts and view those facts in the light most favorable to plaintiff. *See Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs.,* 175 F.3d 848, 855 (10th Cir.1999). The court may not grant relief "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *GFF Corp. v. Associated Wholesale Grocers,* 130 F.3d 1381, 1384 (10th Cir.1997) *(quoting Conley v. Gibson,* 355 U.S. 41, 45-46, (1957)).

*III.  Conclusions of Law:*

*A.  Defendants' Motion for Summary Judgment:*

Defendants argue that summary judgment is appropriate because plaintiff failed to exhaust his administrative remedies with respect to his claims in ¶ 59 of his complaint, and therefore, these claims and this action must be dismissed without prejudice. Defendants rely on *Ross v. County of Bernalillo*, 365 F.3d 1181, 1190 (10th Cir. 2004). Since the time of filing, a decision of the United States Supreme Court in *Jones v. Bock*, 127 S. Ct. 127 (2007), changed the Tenth Circuit's rule with respect to exhaustion under the Prison Litigation Reform Act ("PLRA"). Specifically, "failure to exhaust is an affirmative defense under the PLRA [so] inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Freeman v. Watkins*, 479 F.3d 1257, 1259 (10th Cir. 2007). Though defendants raise administrative exhaustion as an affirmative defense in their motion to dismiss, the Tenth Circuit's total exhaustion rule also changed with respect to the interpretation of § 1997e(a)'s "no action shall be brought" provision. While the Tenth Circuit previously determined that this language meant a prisoner's entire case should be dismissed if it contained any unexhausted claim, *Jones* found that "if a complaint contains both good and bad claims, . . . court[s] proceed [ ] with the good and leave [ ] the bad." *Jones*, 127 S. Ct. at 924. Therefore, this court will only review whether plaintiff's claim in ¶ 59 should be dismissed because he failed to exhaust administrative remedies.

The Kansas Department of Corrections provides a three-step grievance procedure for inmates. *See* K.A.R. 44-15-101 *et. seq.* Before an inmate initiates the process, the inmate is to first attempt to reach informal resolution of the matter with those personnel who work with the inmate on a direct basis, using inmate request forms if necessary. K.A.R. 44-15-101(b). If informal resolution fails, the inmate may begin the grievance process by completing and

submitting a grievance form provided by the KDOC to an appropriate unit team member for response. K.A.R. 44-15-101(d)(1). If unsatisfied with the unit team's response, the inmate may submit the grievance form to a staff member for transmittal to the warden for a response. K.A.R. 44-15-102(b). If unsatisfied with the warden's response, the inmate "may appeal to the secretary's office by indicating on the grievance appeal form exactly what the inmate is displeased with and what action the inmate believes the secretary should take." K.A.R. 44-15-102(c). If the grievance form is submitted to the secretary without prior action by the warden, the form may be returned to the warden. K.A.R. 44-15-102(c)(4). Alternatively, an appropriate deputy secretary may be designated by the secretary to prepare the answer. K.A.R. 44-15-102(c)(5). Inmates have fifteen days from the date of discovery of the event giving rise to the grievance, excluding weekends and holidays, to file the grievance. However, no grievance, regardless of time of discovery, shall be filed later than one year after the event. K.A.R. 44-15-101(b).

Plaintiff alleges nine counts against the defendants. His third count notes:

> Defendants Rice, Shipman, McKune, John Doe and Jane Doe using report #1524 to label Szczygiel a 'Snitch' and confine him in (OSR) from 6-20-2003 through 2-17-2005 while allowing and/or tolerating corrections officers and inmates to threaten, harass, abuse, assault and batter him violated Szczygiel's 1st, 5th, 8th, and 14th Amendment rights to the United States Constitution.

Plaintiff's Complaint, at ¶ 59. Plaintiff further alleges that he exhausted his administrative remedies through grievance #13658.

However, the court finds that plaintiff failed to exhaust his administrative remedies. After reviewing the record and plaintiff's grievance, plaintiff's grievance addressed only the alleged retaliation by defendant Rice in falsifying a segregation report and plaintiff's subsequent

placement and retention in administrative segregation.  Plaintiff does not raise the issues regarding his alleged mistreatment by the guards and other prisoners, as well as the defendants' alleged failure to protect him from mistreatment.  Although plaintiff argues that administrative exhaustion occurred because he included the issues in a letter on December 22, 2005, the description of the mistreatment occurs in one paragraph, or seven lines, in the middle of plaintiff's summary of his impending § 1983 complaint.  The court finds that this method did not constitute exhaustion of administrative remedies under the applicable regulations because plaintiff did not raise these issues in the grievance itself or in the appeal of the grievance.  Plaintiff also failed to raise these issues at the facility level.  Furthermore, the issues raised in the December 22, 2005 letter stemmed from events that occurred in 2003, well past the fifteen-day and one-year deadlines established in the grievance procedure.  Therefore, the court finds that summary judgment is appropriate because plaintiff failed to exhaust administrative remedies for the allegations outlined in ¶ 59 of his complaint.

*B. Defendants' Motion to Dismiss:*

*1. Statute of Limitations:*

Defendants also argue that plaintiff's claims against defendant Rice in ¶¶ 57 and 58 of his complaint are barred by the applicable statute of limitations.

Limitations in § 1983 suits are to be determined by reference to the appropriate state statute of limitations and any coordinate tolling rules. *Hardin v. Straub*, 490 U.S. 536, 539 (1989). State statutes of limitations applicable to general personal injury claims supply the limitations period for § 1983 claims. *Delatorre v. Minner*, 238 F. Supp. 2d 1280, 1285 (D. Kan. 2002). Therefore, the appropriate statute of limitations for § 1983 actions arising in Kansas is two years under K.S.A. § 60-513(1)(4). *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991). A civil rights action occurs when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Delatorre*, 238 F. Supp. 2d at 1285.

According to plaintiff's complaint, defendant Rice demanded the dismissal of plaintiff's previous cases on June 20, 2003. According to plaintiff's allegations, following his refusal to dismiss the cases, defendant Rice then screamed threats at him and filed the report that caused his transfer to administrative segregation. Therefore, plaintiff knew of the alleged demands and threats on June 20, 2003. Two years following this knowledge, the statute of limitations expired on June 20, 2005. However, plaintiff mailed his complaint in this action on February 1, 2006, followed by the filing of the complaint on February 2, 2006. Plaintiff filed the complaint well after the applicable two-year statute of limitations expired on his clam alleged in ¶ 57.

Plaintiff's claim in ¶ 58 is similarly time-barred. In ¶ 24 of his complaint, plaintiff alleges he was transferred to administrative segregation on June 20, 2003 as a result of the

allegedly falsified report. Therefore, the statute of limitations on this claim expired on June 20, 2005. However, plaintiff did not file the present complaint until February 1, 2006, following the expiration of the statute of limitations. Plaintiff's claims contained in ¶ ¶ 57 and 58 are dismissed.

*2. 42 U.S.C. § 1983:*

Personal participation is an essential allegation in a § 1983 claim. *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To state a claim under § 1983, a plaintiff must demonstrate that the defendants personally participated in the alleged constitutional deprivations. Participation must be alleged by showing an affirmative link between the defendant and the challenged conduct, either through the defendant's actual conduct or the defendant's acquiescence in a constitutional violation. *Jackson v. Kansas County Ass'n Multiline Pool*, No. 03-4181, 2005 WL 3307215, at *5 (D. Kan. Dec. 6, 2005) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Bennett*, 545 F.2d at 1262-63).

Plaintiff, however, has not established that defendants Rice, Shipman, and McKune personally participated in plaintiff's allegations described in ¶ ¶ 59, 60, and 61. In ¶ 59 of his complaint, plaintiff alleges that defendants Rice, Shipman, and McKune violated plaintiff's constitutional rights by "using report #1534 to label Szczygiel a 'Snitch' and confine him in (OSR) . . . while allowing and/or tolerating corrections officers and inmates to threaten, harass, abuse, assault and batter him. . . ." In ¶ 60, plaintiff's claim against defendants Shipman and McKune relate to the segregation review hearings. Additionally, in ¶ 61, plaintiff's claims involve his labeling as a snitch and transfer to the El Dorado Correctional Facility. Without more, however, the court concludes plaintiff has not demonstrated that the defendants personally

participated in the alleged violation. Specifically, plaintiff does not allege that these defendants participated in or had knowledge of labeling plaintiff as a snitch and/or abuse of plaintiff. Moreover, plaintiff does not even mention defendants Shipman or McKune in his statements of fact. *See Swoboda v. Dubach*, 992 F.2d 286, 289-90 (10th Cir. 1991) (without specific facts, plaintiff's claims were "little more than conclusory allegations" and insufficient to state a claim for relief.).

Third, defendants note that plaintiff fails to state a claim against defendants Sapien and Roberts in ¶¶ 62-64 of his complaint because he has not demonstrated personal participation and fails to establish the elements for constitutional violations. Specifically, plaintiff sets forth counts against defendants Sapien, Roberts, and John and Jane Doe in ¶¶ 62-65 of his complaint, based upon his confinement in administrative segregation at the El Dorado Correctional Facility. The counts include that the defendants used report #1002 to label plaintiff a "snitch" and confined him in administrative segregation "with no hope of release," that they have denied him honest, impartial meaningful segregation review hearings, and that they are indefinitely confining plaintiff in administrative segregation. Plaintiff's Complaint, ¶¶ 62-64. Plaintiff argues that these actions violated his First, Fifth, Eighth, and Fourteenth Amendment rights.

Unlike the defendants McKune and Shipman, plaintiff actually alleges facts involving defendants Sapien and Roberts in his statement of facts. However, the court finds that the allegations plaintiff alleges concern Sapien's responses to plaintiff's requests, ¶¶ 41, 43, 44, 46, Roberts' response to plaintiff's grievance, ¶¶ 47 and 48, and plaintiff's allegation that Sapien and Roberts refused to review an affidavit of Rex Lane and other exhibits offered by plaintiff at a segregation hearing on December 29, 2005. Plaintiff has not, however, alleged personal

participation related to his allegation that officials labeled plaintiff a "snitch" or his initial confinement in administrative segregation that underlie his count in ¶ 62. For this reason, plaintiff has not alleged the requisite personal participation by defendants Sapien and Roberts.

Moreover, defendants argue that plaintiff fails to state a claim as to all defendants in ¶ 65 of his complaint because he fails to establish the requirements needed to prove that prison officials violated his First Amendment and 42 U.S.C. § 1983 rights. Plaintiff states that "Defendants et al. did conspire to and did retaliate, harass and impeded Szczygiel from exercising his 1st amendment rights of the United States Constitution to petition the government for redress of grievance imposing atypical, significant hardship conditions of confinement." Plaintiff's Complaint, ¶ 65. However, plaintiff does not state what "exercise" of his "1st amendment rights" were violated and the resulting retaliation. At best, the statement appears to be a summary of plaintiff's prior claims and does not allege a specific constitutional violation.

Notwithstanding plaintiff's claim, in order to demonstrate conspiracy under 42 U.S.C. § 1983, plaintiff must allege specific acts showing the agreement and concerted action among the identified defendants who participated in the conspiracy including the participants of the agreement, the content of the agreement itself, and the acts of the identified defendants who took overt action toward the agreement's execution. *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998); *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994); *Abercrombie v. City of Catoosa, Okla.*, 896 F.2d 1228, 1230-31 (10th Cir. 1990). As noted above, plaintiff has failed to make a showing of these elements because he makes no factual allegations against defendants Shipman and McKune. Furthermore, with respect to plaintiff's claims against Rice, Sapien, and Roberts, plaintiff does not demonstrate the elements of a conspiracy claim. The

court finds that plaintiff has not alleged a constitutional violation resulting from the conspiracy and defendants' alleged personal participation. Therefore, plaintiff has failed to state a claim in ¶ 65 of the complaint.

IT IS ACCORDINGLY ORDERED this 10th day of July, 2007, that defendants' motion for summary judgment and motion for judgment on the pleadings (Dkt. Nos. 50 and 55) are granted.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE