## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

STAN SZCZYGIEL,

           Plaintiff,

vs.                                    Case No. 06-3037-JTM

ELIZABETH RICE *et al.*

           Defendants.

### MEMORANDUM AND ORDER

Presently before the court is plaintiff Stan Szczygiel's (Szczygiel's) motion for relief from judgment for fraud on the court (Dkt. No. 100). For the following reasons, the court denies the motion.

### I. BACKGROUND

Szczygiel, an inmate at the Kansas Department of Corrections, (KDOC) initially filed a complaint against KDOC officials, alleging a violation of 42 U.S.C. § 1983 for retaliating against him and wrongfully placing him in administrative segregation. This court granted defendants' motion for summary judgment and motion to dismiss due to a statute of limitations violation and for failure to exhaust administrative remedies (Dkt. No. 98). Szczygiel then filed the present motion, alleging that the defendants committed fraud on the court by failing to disclose six documents in its motion for summary judgment, which would prove his claims. Szczygiel claims that because of the alleged fraud, this court should vacate its earlier judgment (Dkt. No. 98).

## II. LEGAL STANDARD

Because Szczygiel is a *pro se* plaintiff, the court reviews his pleadings and filings liberally. *See Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007). In addition, "[w]hen the substance of a legal claim is otherwise present, this court has indicated that 'confusion of various legal theories,' a technical pleading error, should not be dispositive in pro se cases." *Switzer v. Coan*, 261 F.3d 985, 988 (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110.

While the plaintiff seeks relief pursuant to Fed. R. Civ. P. 60(d)(3), the court construes the motion as a 60(b)(3) motion, which permits a district court to set aside "a final judgment, order, or proceeding" if a fraud has been committed on the court.[1]

Proving fraud on the court is a high standard:

> Fraud on the court ... is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. It has been held that allegations of nondisclosure in pretrial discovery will not support an action for fraud on the court. It is thus fraud ... where the impartial functions of the court have been directly corrupted.

*U.S. v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002) (quoting *Bulloch v. U.S.*, 763 F.2d 1115, 1121 (10th Cir. 1985)) (citations omitted). "Regardless of the specific form of the allegation, the party relying on Rule 60(b)(3) must, by adequate proof, clearly substantiate the claim of fraud, misconduct or misrepresentation." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290

---

[1] Fed. R. Civ. P. 60(d)(3) states that it "does not limit a court's power to set aside a judgment for fraud on the court." Thus, 60(b)(3) allows a court to relieve a party from the obligations of a final judgment, while 60(d)(3) reaffirms that the rule does not prohibit a court from setting aside a prior judgment that was predicated on fraud of the court.

(10th Cir. 2005). To establish fraud, a plaintiff must show that there has actually been an intent to defraud or deceive. *Switzer*, 261 F.3d at 989. When there is no showing of intent, mere facts of misrepresentation are not enough to constitute fraud on the court. *See Buck*, 281 F.3d at 1342.

"Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court." *Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir. 1996). "Less egregious misconduct, *such as nondisclosure to the court of facts allegedly pertinent to the matter before it*, will not ordinarily rise to the level of fraud on the court." *Id.* at 553 (emphasis in original). Fraud must be narrowly defined because it may permit a party to overturn a judgment after it has become final. *Id.*

### III. ANALYSIS

Szczygiel's allegations are not sufficient to overturn the previous order because the court never reached the merits of his underlying claims. The court granted defendants' summary judgment motion because Szczygiel failed to exhaust his administrative remedies, and granted defendants' motion to dismiss because the statute of limitations expired on Szczygiel's remaining claims. Had the documents contained some falsehoods, it would not have affected the court's earlier order. Accordingly, the motion is denied on those grounds.

And even on the merits, Szczygeil's claims would fail because he cannot establish fraud on the court as required by 60(b)(3). Szczygiel alleges that two reports the defendants used contained false information, which misled the court and constituted fraud. Specifically, Szczygiel alleges that the defendants falsely claimed he testified against Lisa Boldridge, and that defendants used that false information to retain him in administrative segregation. He also

alleges that the defendants defrauded the court by failing to disclose information contained in an interdepartmental memorandum and an email between the defendants, which show he was improperly held in administrative segregation.  Despite the possible truth of Szczygiel's allegations, the claims simply do not rise to the level of fraud on the court.  As noted above, fraud between the parties and fraud contained in documents is not sufficient to satisfy the 60(b)(3) standard of fraud on the court.  *See Buck*, 281 F.3d at 1342.  Additionally, Szczygiel has not proven that there was intent to deceive or defraud the court, which would also preclude a successful 60(b)(3) motion.  *See Switzer*, 261 F.3d at 989.  As such, Szczygiel's motion is denied.

      IT IS ACCORDINGLY ORDERED this 18th day of February, 2009, that the plaintiff's motion for relief from judgment for fraud on the court (Dkt. No. 100) is denied.

                                                             s/ J. Thomas Marten
                                                             J. THOMAS MARTEN, JUDGE